NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-35452 |
| Plaintiff-Appellee, | D.C. Nos. 4:19-cv-00021-RRB |
| v. | 4:14-cr-00027-RRB-1 |
| SENECA LOYAL NEAL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Submitted June 8, 2022**
Anchorage, Alaska

Before: HURWITZ, BRESS, and H. THOMAS, Circuit Judges.

Seneca Neal was convicted of multiple offenses related to heroin trafficking.

He filed a 28 U.S.C. § 2255 motion, arguing that trial counsel was ineffective for

failing to use a recording of an encounter with the arresting officers in support of his

motions to suppress certain evidence. The district court found that Neal was not

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

prejudiced by any deficient performance. We affirm.

1. While executing a search warrant, police officers found heroin in Neal's apartment. Among other things, the application for that warrant contained an officer's observations, while the officer was in a common area in the apartment building, that Neal was leaving the apartment for which the warrant was sought. The district court found that the officer's observation of Neal violated the Fourth Amendment, but that probable cause for the warrant remained after excising that tainted evidence. On direct appeal, we affirmed. *United States v. Neal*, 747 F. App'x 501 (9th Cir. 2018).

2. To prevail on a claim of ineffective assistance of counsel, a defendant must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Neal contends that, had trial counsel used a recording of Neal's encounter with the officers at the hearing on his suppression motions, it would have shown that Neal's phone was illegally searched and his statements connecting him to the unit were also improperly obtained. The district court, however, correctly held that there was no reasonable probability that introduction of the recording would have changed the outcome of the suppression hearing. Even assuming the cell phone was improperly searched and Neal's statements were improperly obtained, more than ample probable cause for the warrant remained, including

2

statements from two witnesses that Neal was selling heroin, police observations of Neal repeatedly arriving at and leaving the apartment building, and confirmation from the property manager and tenants that Neal was the occupant of the searched unit. The district court reasonably found that the officers would have questioned the manager and tenants in any event, and the warrant application did not rely on information from Neal's phone. Accordingly, Neal was not prejudiced by any deficient performance, and his ineffective assistance claim fails.

**AFFIRMED.**